IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE A. RAMIREZ, et al.,<br>Plaintiffs,<br>v.<br>BENIHANA NATIONAL CORP.,<br>Defendant. | Case No. 18-cv-05575-MMC<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO REMAND**<br>Re: Dkt. No. 19 |

Before the Court is plaintiffs Jorge A. Ramirez and Angel Sandoval-Rivera's "Motion to Remand Class Action to State Court," filed October 11, 2018. Defendant Benihana National Corp. has filed opposition, to which plaintiffs have replied. The matter came on regularly for hearing on November 16, 2018, at which time the parties were afforded leave to file supplemental briefing. Thereafter, the parties filed their supplemental briefs.

Having considered the papers filed in support of and in opposition to the motion, and the arguments made at the hearing, the Court hereby rules as follows.

**BACKGROUND**

On June 26, 2018, plaintiffs filed a class action complaint in the Superior Court of the State of California in and for the County of Contra Costa, by which pleading plaintiffs assert the following Six Causes of Action: (1) "Failure to Pay Wages" in violation of Cal. Lab. Code §§ 510, 1194, and 1197 (see Notice of Removal, Ex. A ("Complaint") ¶¶ 30-39); (2) "Failure to Provide Meal Periods" in violation of Cal. Lab. Code §§ 226.7 and 512 (see id. ¶¶ 40-45); (3) "Failure to Provide Rest Periods" in violation of Cal. Lab. Code §§ 226.7 and 512 (see id. ¶¶ 46-51); (4) "Failure to Furnish Accurate Wage Statements" in

1 violation of Cal. Lab. Code § 226(a) (see id. ¶¶ 52-58); (5) "Failure to Pay Earned Wages Upon Termination or Discharge" in violation of Cal. Lab. Code §§ 201 and 202 (see id. ¶¶ 59-68); and (6) "Unfair Competition" in violation of Cal. Bus. and Prof. Code § 17200 (see id. ¶¶ 69-74). The Complaint does not allege an amount in controversy.

On September 12, 2018, defendant filed a Notice of Removal, in which filing defendant contends "this case meets each [Class Action Fairness Act ("CAFA")] requirement for removal, and is timely and properly removed by the filing of this Notice." (See Notice of Removal ¶ 13).

By the instant motion, plaintiffs seek an order remanding the instant action to state court, on the ground defendant has not demonstrated the amount in controversy exceeds $5,000,000, the monetary threshold for removal under CAFA.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441, removal is proper where the action is one over which federal district courts have original jurisdiction. See 28 U.S.C. § 1441(a). "Section 1332(d), added by CAFA, vests the district court with 'original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs, and is a class action in which' the parties satisfy, among other requirements, minimal diversity." Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 680 (9th Cir. 2006) (quoting 28 U.S.C. § 1332(d)).

The removing defendant bears the burden of establishing federal jurisdiction and "must prove by a preponderance of the evidence that the amount in controversy requirement has been met." See id. at 682-83. If the plaintiff challenges the defendant's assertion as to the amount in controversy, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." See Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 547, 550 (2014).

//
//

**DISCUSSION**

Defendant argues it has established the amount in controversy exceeds $5,000,000. In particular, defendant contends it has reasonably calculated plaintiffs' potential recovery as including various categories of damages totaling $4,304,755, as well as "at least $810,000" in future attorneys' fees (see Def.'s Suppl. Br. at 5:20-21). Plaintiffs do not dispute defendant's calculations as to the amount of their potential damages, nor do plaintiffs dispute their entitlement to reasonable attorneys' fees; rather, plaintiffs contend defendant has not "demonstrate[d] at least $695,245 [$5,000,000 minus $4,304,755] in attorneys' fees are established to meet the amount in controversy requirement under CAFA." (See Pls.' Suppl. Reply at 2:6-7.)

Under such circumstances, the only issue before the Court is whether defendant has made a sufficient showing as to the amount of future attorneys' fees. See Fritsch v. Swift Transp. Co. of Arizona, LLC, 899 F.3d 785, 794 (9th Cir. 2018) ("[I]f the law entitles the plaintiff to future attorneys' fees if the action succeeds, then there is no question that future attorneys' fees are at stake in the litigation, and the defendant may attempt to prove that future attorneys' fees should be included in the amount in controversy." (alteration, quotation, and citation omitted)).

As discussed above, a removing defendant has the burden of proving the entire amount in controversy, and thus the amount of attorneys' fees, by a preponderance of the evidence. See Abrego, 443 F.3d at 682-83. Further, such showing must be made "with summary-judgment-type evidence." See Fritsch, 899 F.3d at 795.

The Ninth Circuit has "affirmed the use of two separate methods for determining attorneys fees" in the context of class actions. See Hanlon v. Chrysler Corp., 150 F.3d 1011, 1029 (9th Cir. 1998). Under the first method, the "percentage method," attorneys' fees are calculated as a percentage of the plaintiff's recovery. See id. Under the second method, the "lodestar method," the court "multipli[es] . . . the number of hours reasonably expended by a reasonable hourly rate." See id.

Here, defendant contends it has submitted sufficient evidence to establish federal

1    jurisdiction under CAFA, irrespective of whether the Court uses the percentage method
2    or the lodestar method to estimate plaintiffs' future attorneys' fees. For the reasons set
3    forth below, the Court agrees.

4    Under the percentage method, defendant has shown the amount in controversy
5    includes $1,076,188.75 in future attorneys' fees, i.e., 25% of $4,304,755. In particular, as
6    defendant points out, the Ninth Circuit has established a benchmark of 25%. See
7    Garibay v. Archstone Cmtys. LLC, 539 Fed. App'x 763, 764 (9th Cir. 2013) (holding "25%
8    [of the plaintiffs'] recovery is the 'benchmark' level for reasonable attorney's fees in class
9    action cases"); see also Hanlon, 150 F.3d at 1029 (acknowledging Ninth Circuit has
10   "established 25% of [the plaintiffs' recovery] as a benchmark award for attorney fees").
11   While the Court acknowledges the 25% benchmark does not automatically apply in all
12   cases, see Fritsch, 899 F.3d at 796-77 (declining to adopt per se rule whereby, "as a
13   matter of law, the amount of attorneys' fees in controversy in class actions is 25 percent
14   of all other alleged recovery"), none of the factors counseling against the application of
15   the 25% benchmark have been raised by plaintiffs, nor does the record before the Court
16   otherwise reflect a departure from such benchmark is warranted. See id. at 797 (noting
17   25% benchmark would not apply where "a court's calculation of future attorneys' fees is
18   limited by the applicable contractual or statutory requirements that allow fee-shifting in
19   the first place").

20   Next, using a lodestar calculation, defendant has shown the amount in controversy
21   includes at least $810,000 in future attorneys' fees. Specifically, defendant "estimates
22   [p]laintiffs' counsel would claim at least 1,800 hours of total attorney time at an hourly rate
23   of at least $450 for their lodestar if they prevail at trial and on appeal[] in this action" (see
24   Def.'s Suppl. Br. at 4:27-5:1), and contrary to plaintiffs' argument, defendant's lodestar
25   calculation is not "speculative at best" (see Pls.' Suppl. Reply at 5:2-3). In particular,
26   defendant's lodestar calculation is adequately supported by the evidence it has
27   submitted. (See Def.'s Req. for Judicial Notice, Ex. B ("Kim Decl.") ¶ 22 (seeking, in
28   comparable case brought by plaintiffs' counsel, attorneys' fees using his hourly rate of

4

$600 and associate's hourly rate of $450); see also Norton Decl. ¶¶ 2, 5-13 (stating defense counsel "ha[s] substantial experience litigating complex employment and wage and hour class actions"; setting forth specific tasks plaintiffs' counsel likely will need to undertake in litigating instant action, as well as hours likely required for each task).) Moreover, such calculation is consistent with lodestar calculations by courts in cases similar to the instant action. See, e.g., In re Taco Bell Wage and Hour Actions, 222 F. Supp. 3d 813, 847 (E.D. Cal. 2016) (calculating lodestar of $1,156,821.12 in wage and hour class action that went to trial; finding 4,016.74 "hours billed" were "reasonable").

Accordingly, the Court finds defendant has shown, by a preponderance of the evidence, the amount in controversy in the instant case includes damages and attorneys' fees totaling a sum in excess of $5,000,000, and, consequently, the requirements for removal under CAFA have been met.

## CONCLUSION

For the reasons stated above, plaintiffs' Motion to Remand is hereby DENIED.

**IT IS SO ORDERED.**

Dated: January 8, 2019

MAXINE M. CHESNEY
United States District Judge