Michael H. Kim, Esq. (State Bar No. 200792)
Jamielee F. Martinez, Esq. (State Bar No. 303927)
Adam K. Tanouye, Esq. (State Bar No. 304711)
**MICHAEL H. KIM, P.C.**
475 El Camino Real, Suite 309
Millbrae, California 94030
Telephone: (650) 697-8899
Facsimile: (650) 697-8896

Attorneys for Plaintiffs
JORGE A. RAMIREZ and ANGEL
SANDOVAL-RIVERA, individually and on
behalf of others similarly situated

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE A. RAMIREZ and ANGEL SANDOVAL-RIVERA, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BENIHANA NATIONAL CORP.; and DOES 1 through 100, inclusive.<br><br>Defendants. | CASE NO. 3:18-cv-05575-MMC<br><br>**CLASS ACTION**<br>**AMENDED COMPLAINT FOR:**<br>1. **Failure To Pay All Wages In Violation of Cal. Labor Code §§ 204, 510, 1194, 1197**<br>2. **Failure To Provide Compliant Meal Periods In Violation of Cal. Labor Code §§ 226.7 and 512 and Wage Order No. 5-2001**<br>3. **Failure To Provide Compliant Rest Periods In Violation of Cal. Labor Code §§ 226.7 and 512 and Wage Order No. 5-2001**<br>4. **Failure To Furnish Accurate Itemized Earnings Statements In Violation of Cal. Labor Code § 226, Et Seq.**<br>5. **Waiting Time Penalties (Cal. Labor Code §§ 201-203)**<br>6. **Unfair Competition In Violation of Cal. Business & Professions Code § 17200, Et Seq.**<br>**JURY TRIAL DEMANDED** |

Printed on recycled paper

- 1 -
FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiffs JORGE A. RAMIREZ and ANGEL SANDOVAL-RIVERA ("Plaintiffs") individually and on behalf of all similarly situated individuals hereby respectfully allege, aver, and complain, as follows:

## THE PARTIES

1. Plaintiff JORGE A. RAMIREZ is an individual and resident of the City of Concord, Contra Costa County, California.

2. Plaintiff ANGEL SANDOVAL-RIVERA is an individual and resident of the City of Antioch, Contra Costa County, California.

3. On information and belief, Defendant BENIHANA NATIONAL CORP. is a Delaware corporation doing business in Contra Costa County, California. On information and belief, Defendant BENIHANA NATIONAL CORP. ("BENIHANA") owns and operates a chain of Japanese teppanyaki restaurants throughout California, including the Benihana teppanyaki restaurant in Concord, California where Plaintiffs worked.

4. The true names and capacities of defendants Does 1 through 100, inclusive, and each of them, are unknown to Plaintiff, who sues said defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the defendants fictitiously named herein is legally responsible in some actionable manner for the events described herein, and thereby proximately caused the damage to Plaintiff. Plaintiff will seek leave of Court to amend this Complaint to state the true name(s) and capacities of such fictitiously named defendants when the same have been ascertained.

5. Plaintiff is informed and believes and thereon alleges that at all times relevant herein, each defendant aided and abetted, and acted in concert with and/or conspired with each and every other defendant to commit the acts complained of herein and to engage in a course of conduct and the business practices complained of herein.

6. Defendants, including Does 1 through 100, inclusive, are now, and/or at all times mentioned in this Complaint were the affiliates of some or all other Defendants, and vice-versa, and in doing the thing alleged in this Complaint, Defendants were directly or indirectly controlling, controlled by or under common control with such other Defendants.

Printed on recycled paper                - 2 -
FIRST AMENDED CLASS ACTION COMPLAINT

7. Defendants, including Does 1 through 100, inclusive, are now, and/or at all times mentioned in this Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times mentioned in this Complaint were acting within the course and scope of that agency, servitude and/or employment.

8. Defendants, including Does 1 through 100, inclusive, are now, and/or at all times mentioned in this Complaint were members of, and/or engaged in a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of said joint venture, partnership and common enterprise.

9. Defendants, including Does 1 through 100, inclusive, at all times mentioned in this Complaint, approved of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.

## JURISDICTION AND VENUE

10. This Court has diversity jurisdiction over the subject matter of Plaintiffs' California state law claims under 28 U.S.C. 1332(d) because any member of a class of plaintiffs is a citizen of a state different from Defendant's state of citizenship, and, upon information and belief, the matter in controversy exceeds $5,000,000.

11. This Court has jurisdiction over the Defendant, because Defendant is a person having sufficient minimum contacts with the Northern District of California so as to render the exercise of jurisdiction over the Defendant by this Court consistent with traditional notions of fair play and substantial justice.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

13. This is a class action pursuant to Section 382 of the California Code of Civil Procedure to vindicate rights afforded the class by California labor law. This action is brought on behalf of Plaintiffs and all current and former hourly teppanyaki chefs and cooks working for Defendants in California.

14. Defendant BENIHANA NATIONAL CORP. ("BENIHANA") owns and operates a

chain of Japanese teppanyaki restaurants throughout California, including the Benihana teppanyaki restaurant in Concord, California where Plaintiffs worked.

15. At these Benihana teppanyaki restaurants, BENIHANA employs chefs and teppanyaki chefs ("Chefs"). Plaintiff Sandoval worked as a teppanyaki chef at the Benihana teppanyaki restaurant in Concord, California during the relevant time period and ended his employment in or about October 2017. Plaintiff Ramirez also worked as a chef at the Benihana teppanyaki restaurant in Concord, California until August 2017. These chefs are responsible for cooking and preparing hot meals on hibachi tables directly in front of guests, ensuring correct food portions are being cooked, ensuring the kitchen areas and hibachi tables clean and sanitized, and prepares and sets up food for cooking and side orders.

16. As a matter of policy and practice, these chefs typically start their shifts at 9:30 am to 10:00 am in the morning to prepare for lunch time. Their shifts do not end until past 9:30 pm after they have completed the dinner service hours. The typical daily shift for these chefs consists of 12 hours or more.

17. During this 12-hour shift, which is typical at all the Benihana teppanyaki restaurants given their similar operating hours, these chefs are given a "lunch" break in the late afternoon around 4 pm, after more than 5 hours of work. This is the time between the lunch and dinner hours when the restaurant business is slowest, and the break is provided at this time as a function of Defendants' business necessity and operational practice and convenience. This lunch break is typically the only break these chefs are permitted to take during their shifts. Even though they are on their break, they are not completely free of work or the control of the restaurant, because as a matter of operational practice, the Benihana restaurants are not closed during this break time. They are effectively on-call during this break time and are often called back to work when there is a customer or their help is needed.

18. These chefs are clocked out during this break, which means that they not getting paid for their "worked time" even though they are subject to the employer's control and they are suffered or permitted to work, regardless of whether they are actually working or not.

19. During the relevant class period, Plaintiffs and Class Members suffered damages as

a result of Defendants' wage and hour violations stemming from their policies and practices:

    a. Plaintiffs and Class Members often worked more than 8 hours in a workday and more than 40 hours in a workweek but they were not paid for all of their hours worked.

    b. Plaintiffs and Class Members often required to work two shifts. They were suffered or permitted to work or were subject to the control of Defendants during the break between the two shifts, which did not count towards their total hours worked. As a result, Plaintiffs and Class Members were not paid for all of their hours worked.

    c. Plaintiffs and Class Members were often denied timely, compliant meal and rest breaks.

    d. Plaintiffs and Class Members were not provided timely, compliant meal and rest breaks.

    e. Plaintiffs and Class Members were not paid all overtime wages due on regular period pay periods;

    f. Plaintiffs and Class Members were not paid all earned wages due upon termination or discharge;

    g. Plaintiffs and Class Members were not given accurate itemized earnings statements;

    h. Defendants knowingly and intentionally failed to maintain accurate time records as required by California law.

20. Plaintiffs and Class Members also seek attorneys' fees pursuant to California Labor Code section 218.5 and any other applicable sections.

21. Plaintiffs and Class Members also seek restitution and disgorgement of all sums wrongfully obtained by Defendant through unfair business practices in violation of California Business & Professions Code section 17200, *et seq*., to prevent the Defendants from benefiting from their unlawful, fraudulent and unfair acts. Such sums recovered under the Unfair Competition Act and Unfair Businesses Act are equitable in nature and are not to be considered

damages. Plaintiffs are and Class Members are also entitled to costs, attorneys' fees, interest and penalties as provided for by the Labor Code, the Business & Professions Code and Code of Civil Procedure §1021.5.

## CLASS ACTION ALLEGATIONS

22. Plaintiffs bring this action on behalf of themselves and all other similarly situated persons as a class action pursuant to Code of Civil Procedure Section 382. Plaintiffs seek to represent the following Class composed of and defined as follows:

> **CLASS:** All hourly teppanyaki chefs, chefs and cooks employed by Defendants in California during the period of four years prior to the filing of this action through the present.
>
> **TERMINATED SUBCLASS:** All hourly teppanyaki chefs, chefs and cooks employed by Defendants in California during the period of four years prior to the filing of this action through the present, and whose employment with Defendants ended during the period of four years prior to the filing of this action through the present.

23. Plaintiffs reserve the right under Rule 1855(b), California Rules of Court, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

24. This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure Section 382 because there is a well-defined community of interest among many persons who comprise a readily ascertainable class.

25. **Numerosity and Ascertainability** (C.C.P. § 382): The potential number of Class Members as defined is so numerous that joinder of all Members would be unfeasible and impractical. The disposition of their claims through this class action will benefit both the parties and this Court. The number of Class Members is unknown at this time, however, it is estimated that the Class will number greater than 100. The identity of such membership can readily be ascertained from Defendants' employees' payroll and personnel records.

26. **Superiority** (C.C.P. §382): The nature of this action and the nature of laws available to Plaintiffs make use of the class action format particularly efficient and appropriate. By establishing a technique by which the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants

with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. The actual monetary recovery due to most of the individual Class Members is likely to be small, and the burden and expense of individual litigation would make it prohibitive for individual Class Members to seek relief. A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent or contradictory judgments if individual Class Members were to litigate separately.

27. **Well-defined Community of Interest**: Plaintiffs also meet the established standard for class certification (*See, e.g. Lockheed Martin Corp. v. Superior Court (2003) 29 Cal. 4th 1096*), as follows:

28. **Typicality**: Plaintiffs' claims are typical of the claims of all members of the Class they seek to represent because all members of the Class sustained injuries and damages arising out of Defendants' common policies, practices and course of conduct in violation of law and the injuries and damages of all members of the Class were caused by Defendants' wrongful conduct in said violation of law, as alleged herein.

29. **Adequacy:** Plaintiffs:

a. Are adequate representatives of the Class;

b. Will fairly protect the interests of all members of the Class;

c. Have no interests antagonistic to any members of the Class; and

d. Will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

30. **Predominant Common Questions of Law or Fact**: There are common questions of law and/or fact as to the members of the Class which predominate over questions affecting only individual members of the Class, including, without limitation:

      a.    Whether Defendants violated Labor Code sections 1194 and 1197 by failing to pay for all hours worked, including the California minimum wage for all hours worked;

      b.    Whether Defendants violated Labor Code sections 510 and 1194 by failing to pay for all overtime hours worked;

      c.    Whether Defendants violated Labor Code Section 512 by not providing Class Members with a first meal period after no more than five hours of work and a second meal period after no more than 10 hours of work;

      d.    Whether Defendants failed to authorize and permit Class Members to take rest periods at the rate of 10 minutes' rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours;

      e.    Whether Defendants denied statutorily compliant meal and rest periods in violation of Labor Code Section 512 and the applicable Wage Order;

      f.    Whether Defendants violated Labor Code Section 226.7 by not paying Class Members additional premium wages for meal period violations;

      g.    Whether Defendants violated Labor Code Section 226.7 by not paying Class Members additional premium wages for rest period violations;

      h.    Whether Defendants violated Labor Code Section 204 by not paying Class Members for all wages earned during each pay period;

      i.    Whether Defendants violated Labor Code Section 201 and 202 by not paying Terminated Class Members (those Class Members whose employment with Defendant ended during the Class Period) for all earned wages due upon termination;

      j.    Whether Defendants violated Labor Code Section 226(a) by not providing Class Members with accurate wage statements that included all hours worked and premium wages for meal and rest period violations;

      k.    Whether Defendants maintained records pursuant to Labor Code sections 226 and 1174;

l.  Whether Defendants' conduct constituted unfair competition or unlawful business practice under Business and Professions Code Section 17200, *et seq.*;

m.  Whether injunctive relief is appropriate to ensure Defendants' compliance with the Labor Code with respect to Members of the Class currently employed by Defendants;

n.  Whether Class Members are entitled to attorney's fees;

o.  Whether Class Members are entitled to prejudgment interest;

p.  Whether Class Members are entitled to restitution;

q.  Whether each Class Member might be required to ultimately justify an individual claim does not preclude maintenance of a class action. *Collins v. Rocha (1972) 7 Cal. 2d 232*.

## FIRST CAUSE OF ACTION

## For Failure to Pay Wages

## (Against All Defendants)

31.  Plaintiffs incorporate by reference and reallege as if fully stated herein the material allegations set out above in the preceding paragraphs.

32.  At all times relevant, Labor Code sections 510, 1194 and 1197 and the applicable Industrial Wage Order provide that employees working for more than eight (8) hours in a day or forty (40) hours in a work week are entitled to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week. An employee who works more than twelve (12) hours in a day is entitled to overtime compensation at a rate of twice the regular rate of pay.

33.  Labor Code section 510 states that: "Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee."

34. At all relevant times herein, Labor Code sections 1194 and 1197 and the applicable Industrial Wage Order require employers to pay their employees each hour worked at least the minimum wage. "Hours worked" means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so, and in the case of an employee who is present on the premises of the employer's worksite, that time spent carrying out work on behalf of or for the benefit of the employer.

35. At all relevant times herein, Plaintiffs and Class Members regularly worked in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek.

36. At all relevant times herein, Defendants failed to account for all hours worked by Plaintiffs and Class Members, including their regular and overtime hours worked.

37. Defendants failed to pay regular and overtime wages to Plaintiffs and Class Members for all hours worked in accordance with Labor Code sections 510, 1194, 1197 and the applicable Industrial Wage Order.

38. As a result of Defendants' unlawful policy and practice, Plaintiffs and Class Members have suffered damages in an amount, subject to proof, to the extent that they were not paid for all hours worked. Accordingly, Defendants owe Plaintiffs and Class Members unpaid and earned wages.

39. Pursuant to Labor Code sections 510, 1194, and 1197, Plaintiffs and Class Members are entitled to recover the full amount of their unpaid wages, prejudgment interest, reasonable attorney's fees and costs of suit.

40. Pursuant to Labor Code section 1194.2, Plaintiff and Class Members are entitled to recover liquidated damages in an amount equal to the minimum wages unlawfully unpaid and interest thereon.

## SECOND CAUSE OF ACTION

### For Failure to Provide Meal Periods

**(Against All Defendants)**

41. Plaintiffs incorporate by reference and reallege as if fully stated herein the material allegations set out above in the preceding paragraphs.

42. At all relevant times, Plaintiffs and Class Members were employees covered by Labor Code Sections 226.7 and 512 and the applicable Industrial Wage Order.

43. Labor Code §§ 226.7 and 512 and the applicable Industrial Wage Order provide that no employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes. The employer satisfies this obligation if it provides a first meal period before the end of the fifth hour of work, relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30-minute break, and does not impede or discourage them from doing so.

44. Labor Code § 226.7 and the applicable Industrial Wage Order provide that if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

45. During the Class Period, Defendants routinely failed to provide Class Members, including Plaintiffs, with a timely, compliant meal period during their work shifts. Defendants failed to compensate Class Members, including Plaintiffs, for each day that a meal period violation occurred, as required by California Labor Code §226.7 and other applicable sections of the Wage Order.

46. As a result of Defendants' unlawful policy and practice, Plaintiffs and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay for said meal period violations.

**THIRD CAUSE OF ACTION**

**For Failure to Provide Rest Periods**

**(Against All Defendants)**

47. Plaintiffs incorporate by reference and reallege as if fully stated herein the material allegations set out above in the preceding paragraphs.

48. At all relevant times, Plaintiffs and Class Members were employees covered by Labor Code Sections 226.7 and 512, and the applicable Industrial Wage Order.

49. Labor Code §§ 226.7 and 512 and the applicable Industrial Wage Order provide that employers shall authorize and permit employees to take rest periods at the rate of ten (10) minutes net rest time per four (4) hours of work. Under these provisions, employers must authorize and permit employees to take rest periods at the rate of 10 minutes' rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours.

50. Labor Code § 226.7 and the applicable Industrial Wage Order further provide that if an employer fails to provide an employee rest periods in accordance with this law, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not authorized and permitted.

51. During the Class Period, Defendants routinely failed to provide the Class Members, including Plaintiffs, with rest periods during their work shifts, and failed to compensate Class Members, including Plaintiffs, for those rest period violations, as required by California Labor Code §226.7 and other applicable sections of the Industrial Wage Order.

52. As a result of Defendants' unlawful policy and practice, Plaintiffs and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay for said rest period violations.

**FOURTH CAUSE OF ACTION**

**For Failure to Furnish Accurate Wage Statements**

**(Against All Defendants)**

53. Plaintiffs incorporate by reference and reallege as if fully stated herein the material allegations set out above in the preceding paragraphs.

54. At all relevant times, Plaintiffs and Class Members were employees of Defendants covered by Labor Code Section 226.

55. California Labor Code § 226(a) provides that:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee

56. Further, the relevant wage orders of the Industrial Welfare Commission applicable to Plaintiffs and Class Members state in pertinent part:

> "(A) Every employer shall keep accurate information with respect to each employee including the following:
>
> (3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be recorded. Meal periods during which operations cease and authorized rest periods need not be recorded.
>
> (4) Total wages paid each payroll period, including value of board, lodging, or other compensation actually furnished to the employee.
>
> (5) Total hours worked in the payroll period and applicable rates of pay. This information shall be made readily available to the employee upon reasonable request

57. At all material times set forth herein, Defendants either recklessly or intentionally failed to furnish itemized statements that show, among other things, the actual number of total regular and overtime hours worked each workday and each workweek by Plaintiffs and Class Members, the beginning and ending time of each work period, meal period and split shift interval, the total daily hours worked, the total overtime hours worked per pay period and applicable rates of pay, and the premium wages for meal and rest period violations.

58.     As a result of Defendants' unlawful policy and practice, Plaintiffs and Class Members have suffered injury. The absence of accurate information on their wage statements has prevented timely challenges to Defendants' unlawful pay practices, required discovery and mathematical computations to determine the amount of wages owed, caused difficulty and expense in attempting to reconstruct time and pay records, and led to the submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies.

59.     As a result of Defendants' conduct, Plaintiffs and Class Members are each entitled to recover from Defendants the greater of their actual monetary damages caused by Defendants' failure to comply with California Labor Code § 226(a), or an aggregate penalty not exceeding four-thousand dollars ($4,000.00) per employee and an award of costs and reasonable attorney's fees pursuant to California Labor Code § 226(e).

**FIFTH CAUSE OF ACTION**

**For Failure to Pay Earned Wages Upon Termination or Discharge.**

**(Against All Defendants)**

60.     Plaintiffs incorporate by reference and reallege as if fully stated herein the material allegations set out above in the preceding paragraphs.

61.     At all relevant times, Plaintiffs and other Class Members who were laid off, resigned, or were discharged ("Terminated Class Members") from employment are covered by Labor Code Section 201 or 202.

62.     Plaintiffs were terminated from their employment with Defendants within the past one year.

63.     Pursuant to Labor Code Sections 201 and 202, Plaintiffs and other Terminated Class Members were entitled to receive upon termination all wages earned and unpaid at the time of termination. If an employee is discharged, all wages earned and unpaid are due and payable immediately upon discharge. If an employee quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her

wages at the time of quitting.

64. Defendants failed to pay Plaintiffs and other Terminated Class Members all wages earned and unpaid at the time that their employment with Defendants ended in accordance with Labor Code Sections 201 or 202. Their earned and unpaid wages include, but are not limited to, earned wages and premium wages for meal and rest period violations.

65. Defendants' failure to pay Plaintiffs and other Terminated Class Members all earned wages in accordance with Labor Code Section 201 or 202 was willful. Defendants had the ability to pay all wages earned by employees in accordance with Labor Code Section 201 or 202, but intentionally followed a practice and/or adopted a policy that violated Labor Code Sections 201 and 202.

66. Pursuant to Labor Code Section 201 or 202, Plaintiffs and other terminated Class Members are entitled to all earned wages that Defendants failed to pay them, which include their earned regular and overtime wages and premium wages for meal and rest period violations.

67. California Labor Code Section 203 provides that if an employer willfully fails to pay, without abatement or reduction, in accordance with Labor Code Sections 201 and/or 202, any wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days.

68. Therefore, Plaintiffs and other Terminated Class Members are entitled to recover from Defendants the statutory penalty for each day that they were not paid at their regular rate of pay up to 30 days maximum pursuant to California Labor Code section 203.

69. Plaintiffs and other Terminated Class Members are entitled to recover their unpaid wages, waiting time penalties under Labor Code section 203, reasonable attorney's fees and costs of suit, and prejudgment interest.

## SIXTH CAUSE OF ACTION

### Unfair Competition [Bus. & Prof. Code §§17200 *et seq*.]

**(Against All Defendants)**

70. Plaintiffs incorporate by reference and reallege as if fully stated herein the material allegations set out above in the preceding paragraphs.

71. Defendants are "persons" as that term is defined under Business & Professions Code section 17021. Business & Professions Code section 17200 defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.

72. Defendants' violations of the Labor Code as alleged in this Complaint, including, but not limited to, Defendants' (a) failure to pay regular and overtime wages; (b) failure to pay premium wages for meal period violations; (c) failure to pay premium wages for rest period violations, all constitute unfair business practices in violation of Business & Professions Code section 17200, et seq.

73. As a result of Defendant's unfair business practices, Defendants have reaped unfair benefits and illegal profits at the expense of Class Members, and to the detriment members of the public. Defendants should be made to disgorge its ill-gotten gains and to restore them to Class Members. Pursuant to Business & Professions Code section 17203, Plaintiffs and other Class Members are entitled to restitution of the wages and other monies withheld, deducted and/or retained by Defendants during a period that commences four years prior to the filing of this action.

74. Pursuant to Business & Professions Code section 17203, Defendants' unfair business practices entitle Plaintiffs and Class Members to seek preliminary and permanent injunctive relief including, but not limited to, orders that Defendants account for, disgorge and restore to Class Members all compensation unlawfully withheld from them.

75. Plaintiffs and other Class Members are entitled to recover reasonable attorney's fees in connection with their unfair competition claims pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all Class Members, pray for judgment in her favor and against Defendants as follows:

a) CLASS CERTIFICATION

   i. An order that the action be certified as a class action;

   ii. An order that Plaintiffs be certified as representatives of the Class;

   iii. An order that counsel for Plaintiffs be confirmed as Class counsel.

  b) ON THE FIRST CAUSE OF ACTION

   i. Damages for unpaid regular and overtime wages according to proof;

   ii. Liquidated damages in an amount equal to the minimum wages unlawfully unpaid;

   iii. Prejudgment interest;

   iv. Reasonable attorney's fees;

   v. Costs of suit; and

   vi. Such other relief as the Court deems just and proper.

  c) ON THE SECOND CAUSE OF ACTION

   i. Damages for unpaid additional pay owed for meal period violations in an amount according to proof;

   ii. Prejudgment interest;

   iii. Reasonable attorney's fees;

   iv. Costs of suit;

   v. Such other relief as the Court deems just and proper.

  d) ON THE THIRD CAUSE OF ACTION

   i. Damages for unpaid additional pay owed for rest period violations in an amount according to proof;

   ii. Prejudgment interest;

   iii. Reasonable attorney's fees;

   iv. Costs of suit;

   v. Such other relief as the Court deems just and proper.

  e) ON THE FOURTH CAUSE OF ACTION

   i. Damages or penalties for not providing accurate wage statements in an amount according to proof;

   ii. An order requiring Defendant to comply with Labor Code section 226(a);

        iii.    Reasonable attorney's fees;

        iv.    Costs of suit; and

        v.    Such other relief as the Court deems just and proper.

    f)    ON THE FIFTH CAUSE OF ACTION

        i.    Damages for unpaid wages due at the end of employment according to proof;

        ii.    Waiting time penalties for failure to pay all earned wages at the end of employment in an amount according to proof;

        iii.    Prejudgment interest;

        iv.    Reasonable attorney's fees;

        v.    Costs of suit; and

        vi.    Such other relief as the Court deems just and proper.

    g)    ON THE SIXTH CAUSE OF ACTION

        i.    Restitution of all unpaid wages and other monies owed and belonging to Class Members that Defendants unlawfully withheld from them and retained for themselves in an amount according to proof;

        ii.    Prejudgment interest;

        iii.    Costs of suit;

        iv.    Reasonable attorney's fees;

        v.    Such other relief as the Court deems just and proper.

Dated: May 1, 2019                         **MICHAEL H. KIM, P.C.**

                                              By: __/s/ Michael H. Kim_____
                                                   Michael H. Kim, Esq.
                                                   Jamielee F. Martinez, Esq.
                                                   Adam K. Tanouye, Esq.
                                                   Attorneys for Plaintiffs
                                                   JORGE A. RAMIREZ and ANGEL
                                                 SANDOVAL-RIVERA, individually and
                                                 on behalf of others similarly situated

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand trial by jury of all causes of action.

Dated:  May 1, 2019                    **MICHAEL H. KIM, P.C.**

                                       By: __/s/ Michael H. Kim_____
                                           Michael H. Kim, Esq.
                                           Jamielee F. Martinez, Esq.
                                           Adam K. Tanouye, Esq.
                                           Attorneys for Plaintiffs
                                           JORGE A. RAMIREZ and ANGEL
                                           SANDOVAL-RIVERA, individually and
                                           on behalf of others similarly situated

# CERTIFICATE OF SERVICE

I am employed in the County of San Mateo, State of California. I am over the age of 18 years and not a party to the within action. My business address is 475 El Camino Real, Suite 309, Millbrae, CA 94030.

On May 1, 2019, I served the following document(s) described as:

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

On the interested parties in this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

Constance E. Norton
Angela J. Rafoth
C. Robert Harrington
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104

[ X ]     (BY MAIL) ( X ) I deposited such envelope in the mail at Millbrae, California. The envelope was mailed with postage thereon fully prepaid.

( X ) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepared at Millbrae, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ X ]     (Federal) I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on May 1, 2019 at Millbrae, California.

_____/s/ Michael H. Kim_____

Michael H. Kim